**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

NICHOLAS PAUL MASLONKA,

      Petitioner,                                              Civil No. 2:13-CV-14110
                                                                   HONORABLE ARTHUR J. TARNOW
v.                                                                 UNITED STATES DISTRICT JUDGE

BONITA HOFFNER,

      Respondent.

_____/

## OPINION AND ORDER GRANTING AN EVIDENTIARY HEARING

Nicholas Paul Maslonka, ("Petitioner"), incarcerated at the Lakeland

Correctional Facility, in Coldwater, Michigan, filed a petition for a writ of habeas

corpus pursuant to 28 U.S.C. § 2254, through his counsel Andrew Wise and

Jessica Lefort of the Federal Defender Office, challenging his conviction for

armed robbery, M.C.L.A. § 750.529.  Petitioner is currently serving a sentence of

15 to 25 years for the armed robbery conviction.

Petitioner alleged, in his second motion for relief from judgment filed in

state court, that he was denied the effective assistance of trial counsel at crucial

pretrial proceedings, and requested an evidentiary hearing.  The trial court

entered a ruling on his claims and then denied petitioner's request for an

evidentiary hearing as moot. [Doc. 22-3, Pg ID 3-4].  In petitioner's supplemental

briefs, filed through his counsel, petitioner again requests an evidentiary hearing

*Maslonka v Hoffner*, USDC. No. 13-14110

on this issue. [Doc. 29, Pg ID 2152-2153, Doc. 32, Pg ID 2199-2200].

This Court orders an evidentiary hearing on petitioner's claim that he was denied the effective assistance of trial counsel when his trial attorney failed to appear at critical stages that required petitioner's cooperation, set forth by the prosecution, to fulfill the contingency of the original plea agreement offered by the prosecution.  The hearing will focus on whether or not there was an absence of counsel at a critical stage, or was there ineffective assistance of counsel when the agreement was not put in writing or not.

## I.  Discussion

Petitioner contends that he was denied the effective assistance of counsel when his attorney failed to appear at meetings scheduled with the DEA, which were the basis of a cooperation agreement entered into by petitioner in exchange for a plea to armed robbery with a minimum sentence between 81-135 months (6 years 9 months - 11 years 3 months) on the minimum sentence and dismissal of the habitual offender charge.  Petitioner further claims that due to counsel's absence, as well as counsel's failure to place the terms of the cooperation agreement into writing, the prosecution withdrew the offer, claiming that petitioner did not sufficiently fulfill the terms of the cooperation agreement.  Then offered petitioner a much less favorable plea, two hours prior to the commencement of petitioner's trial. [Doc. 21-6, Pg ID 1472].  Rather than outright dismissal of the

*Maslonka v Hoffner*, USDC. No. 13-14110

habitual charge and a minimum guideline sentence of 81-135 months (6 years 9 months - 11 years 3 months) , petitioner was given the option of accepting a plea to a habitual third and 108 to 270 months (9 years - 22 years 6 months) on the minimum guidelines, or to proceed to trial.  Petitioner accepted the plea and was ultimately sentenced to 15 to 25 years in prison.

Petitioner contends in his Supplemental Reply brief, page 11, that had counsel participated in the grand jury preparation and met with him prior to the grand jury or been present at the hearing, she could have cleared up any confusion as to what was expected of petitioner and whether the terms of the cooperation agreement had been met.  More importantly, had counsel secured a written cooperation agreement outlining petitioner's obligations, petitioner would not be in the position, on the day of trial, of having to prove that he met the terms of the cooperation agreement, so as to be entitled to the plea offer.

Respondent contends that petitioner's claim is procedurally defaulted because he raised it only for the first time in his second motion for relief from judgment and the trial court relied on M.C.R. 6.502(G)(1) to deny petitioner's claim.  Under M.C.R. 6.502(G)(1), a criminal defendant in Michigan can typically file only one motion for relief from judgment with regard to a criminal conviction. *See Banks v. Jackson,* 149 F. App'x. 414, 418 (6th Cir. 2005); *Hudson v. Martin*, 68 F. Supp. 2d 798, 800 (E.D. Mich. 1999)(citing to *People v. Ambrose*, 459 Mich. 884; 587 N. W. 2d 282 (1998)).  However, M.C.R. 6.502(G)(2) states that a

*Maslonka v Hoffner*, USDC. No. 13-14110

defendant may file a second or subsequent motion based on a retroactive change

in law that occurred after the first motion for relief from judgment or a claim of

new evidence that was not discovered before the first such motion. *Banks,* 149

Fed. App'x. at 418; *Hudson,* 68 F. Supp. 2d at 800-01.

Respondent did not raise a procedural default defense in his initial answer

to the petition for a writ of habeas corpus that was filed on December 16, 2013.

Respondent raised the procedural default defense only for the first time in the

supplemental answer filed on June 16, 2016.

Procedural default is an affirmative defense that must be raised by the

state at the first possible opportunity, or it will be considered waived. *Trest v.*

*Cain*, 522 U.S. 87, 89 (1997)(holding that state's failure to raise procedural

default normally constitutes waiver of the default).  By failing to argue that

petitioner's claim was procedurally defaulted in the initial answer, respondent has

waived any defense that the claim is procedurally defaulted. *See Williams v.*

*Birkett,* 697 F. Supp. 2d 716, 722 (E.D. Mich. 2010); *rev'd on other grds,* 670

F.3d 729 (6th Cir. 2012); *on remand,* 895 F. Supp. 2d 864 (E.D. Mich. 2012);

*Ward v. Wolfenbarger,* 323 F. Supp. 2d 818, 828 (E.D. Mich. 2004); *modified on*

*other grds,* 340 F. Supp. 2d 773 (E.D. Mich. 2004); *see also Miller v. Stovall,* 641

F. Supp. 2d 657, 665 (E.D. Mich.2009)(State, by failing to argue harmless error

defense in its response to federal habeas corpus petition, waived issue)*; Dickens*

*Maslonka v Hoffner*, USDC. No. 13-14110

*v. Jones,* 203 F. Supp. 2d 354, 361 (E.D. Mich. 2002)(state waived affirmative defenses that habeas petitioner's federal habeas claims were noncognizable and waived because of petitioner's alleged misrepresentation and failure to object, where state failed to assert affirmative defenses in its initial answer to the habeas petition); *Benoit v. Bock,* 237 F. Supp. 2d 804, 807 (E.D. Mich. 2003) (Respondent's failure to raise issue of procedural default constituted implicit waiver of that affirmative defense to state prisoner's federal habeas petition). Respondent's failure to argue in his initial answer that petitioner's claim was procedurally defaulted waives this procedural defense.

This Court notes that the Macomb County Circuit Court, the last court to issue a decision on petitioner's claim, never addressed the merits of this claim. When a state court fails to adjudicate a habeas petitioner's claim on the merits, federal habeas review is not subject to the deferential standard contained in § 2254(d) and a federal court is required to review that claim *de novo. See Cone v. Bell,* 556 U.S. 449, 472 (2009); *Wiggins v. Smith*, 539 U.S. 510, 534 (2003); *see also McKenzie v. Smith,* 326 F.3d 721, 726 (6th Cir. 2003). The Macomb County Circuit Court declined to address the merits of petitioner's claim that he raised in his second post-conviction motion. Therefore, "there are simply no results, let alone reasoning, to which this Court can defer. Without such results or reasoning, any attempt to determine whether the state court decision 'was

*Maslonka v Hoffner*, USDC. No. 13-14110

contrary to, or involved an unreasonable application of clearly established

Federal law,' 28 U.S.C. § 2254(d)(1), would be futile." *McKenzie,* 326 F.3d at 727.

More importantly, since there was no decision on the merits concerning

petitioner's claim, the Supreme Court's holding in *Cullen v. Pinholster*, 563 U.S.

170, 181 (2011) does not prohibit this Court from conducting an evidentiary

hearing on petitioner's claim. *See McClellan v. Rapelje*, 703 F.3d 344, 351 (6th

Cir. 2013).

A federal court must grant an evidentiary hearing to a habeas corpus

applicant if:

> (1) the merits of the factual dispute were not resolved in a state hearing;
> (2) the state factual determination is not fairly supported by the record as a whole;
> (3) the fact finding procedure in state court was not adequate to afford a full and fair hearing;
> (4) there is a substantial allegation of newly discovered evidence;
> (5) material facts were not adequately developed at a state court hearing; or
> (6) for any reason it appears that state trier of fact did not afford applicant a full and fair fact hearing.

> *Townsend v. Sain*, 372 U.S. 293, 313 (1963); 28 U.S.C.A. § 2243.

In deciding whether to grant an evidentiary hearing to a habeas petitioner,

a federal habeas court must consider whether such a hearing could enable the

habeas petitioner to prove the petition's factual allegations, which, if true, would

entitle the petitioner to federal habeas relief. *See Schriro v. Landrigan*, 550 U.S.

465, 474 (2007). A habeas petitioner is generally entitled to evidentiary hearing if

6

*Maslonka v Hoffner*, USDC. No. 13-14110

he or she "alleges sufficient grounds for release, relevant facts are in dispute, and the state courts did not hold a full and fair evidentiary hearing." *Sawyer v. Hofbauer,* 299 F.3d 605, 610-11 (6th Cir. 2002)(quoting *Stanford v. Parker*, 266 F.3d 442, 459 (6th Cir. 2001)(additional quotation omitted).

The U.S. Supreme Court has clearly established that the complete denial of counsel during a critical stage of a judicial proceeding mandates a presumption of prejudice. *Roe v. Flores-Ortega*, 528 U.S. 470, 483 (2000); *Penson v. Ohio*, 488 U.S. 75, 88 (1988); *United States v. Cronic*, 466 U.S. 648, 659 (1984). The existence of certain structural defects in a trial, such as the deprivation of the right to counsel, requires automatic reversal of the conviction because it infects the entire trial process. *Brecht v. Abrahamson*, 507 U.S. 619, 629-30 (1993). The U.S. Supreme Court has routinely found constitutional error without any specific showing of prejudice to a defendant when counsel is either totally absent, or prevented from assisting the accused during a critical stage of the proceedings. *Cronic*, 466 U.S. at 659, n.25; *United States v. Minsky*, 963 F.2d 870, 874 (6th Cir. 1992).

"The constitutional guarantee [of the right to counsel] applies to pretrial critical stages that are part of the whole course of a criminal proceeding, a proceeding in which defendants cannot be presumed to make critical decisions without counsel's advice." *Lafler v. Cooper*, 132 S. Ct. 1376, 1385 (2012). The

*Maslonka v Hoffner*, USDC. No. 13-14110

Sixth Circuit has presumed that a criminal defendant's pre-trial cooperation period is a critical stage of the proceedings, at least prior to the entry of a written cooperation agreement.  *Wingo v. United States*, 341 Fed. App'x. 132, 134 (6th Cir. 2009)(pre-trial cooperation period assumed to be critical prior to entry of a *Kastigar* agreement).  "[A]n attorney's assistance is critical to the cooperation process in a number of respects, including, but not limited to, facilitating communication between the defendant and the government, attending proffer sessions, ascertaining the government's expectations and whether the defendant is satisfying them, communicating the client's limitations to the government, and establishing a record of attempts to cooperate." *United States v. Leonti*, 326 F.3d 1111, 1119 (9th Cir. 2003).  Counsel's physical absence at every stage of petitioner's cooperation "certainly constitutes denial of counsel." *Peters v. Chandler*, 292 Fed. App'x. 453, 465 (6th Cir. 2008)(citing *Hamilton v. Alabama*, 368 U.S. 52, 55 (1961)).  Petitioner was denied counsel at every stage of petitioner's cooperation with the DEA.

Furthermore, the most critical stage of petitioner's proceedings clearly pertained to the testimony that he would provide to the grand jury.  The prosecutor placed on the record the proposed plea offer, indicated that petitioner had cooperated to that date, and indicated that there was "an intervening court proceeding before the scheduled trial date that may effect whether [the] plea

*Maslonka v Hoffner*, USDC. No. 13-14110

moves forward," referring to the upcoming hearing before the grand jury. [Doc. 9-1, Pg ID 753, Doc. 21-5, Pg ID 1467]. Lack of appearance by trial counsel at this and the other meetings is not disputed by respondent.

At the most crucial point of the proceedings, counsel failed to appear and assist petitioner in a "proceeding in which [petitioner could not] be presumed to make critical decisions without counsel's advice." *Lafler v. Cooper*, 132 S. Ct. at 1385. Without a doubt, counsel's presence would have assisted in "facilitating communication between the defendant and the government, attending proffer sessions, ascertaining the government's expectations and whether the defendant is satisfying them, communicating the client's limitations to the government, and establishing a record of attempts to cooperate." *United States v. Leonti*, 326 F.3d 1111, 1119 (9th Cir. 2003). Petitioner's prior cooperation seems to indicate that, with trial counsel's assistance, the parties would have resolved any impediments and petitioner would have been given the plea offer based on his extensive cooperation.

Petitioner may have also been constructively denied the assistance of counsel because his attorney never met with petitioner before or after his meetings with the DEA, in order to offer petitioner advice or debrief him on the nature of the discussions between the DEA agents and himself.

Petitioner further contends that counsel was ineffective, and prejudice can

*Maslonka v Hoffner*, USDC. No. 13-14110

be shown, when the terms of the cooperation agreement were never placed in

writing, allowing for the offer to be withdrawn on a mere allegation of non-

cooperation, when counsel failed to obtain information from the DEA regarding

petitioner's cooperation, failed to document the extent of petitioner's cooperation,

and failed to appraise the court at sentencing of the extensive cooperation given

by petitioner.

To show that he was denied the effective assistance of counsel under

federal constitutional standards, a defendant must satisfy a two prong test.  First,

the defendant must demonstrate that, considering all of the circumstances,

counsel's performance was so deficient that the attorney was not functioning as

the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466

U.S. 668, 687 (1984).  In so doing, the defendant must overcome a strong

presumption that counsel's behavior lies within the wide range of reasonable

professional assistance. *Id.*  In other words, petitioner must overcome the

presumption that, under the circumstances, the challenged action might be sound

trial strategy. *Strickland,* 466 U.S. at 689.  Second, the defendant must show that

such performance prejudiced his defense. *Id.*  To demonstrate prejudice, the

defendant must show that "there is a reasonable probability that, but for counsel's

unprofessional errors, the result of the proceeding would have been different."

*Strickland,* 466 U.S. at 694.

*Maslonka v Hoffner*, USDC. No. 13-14110

Trial counsel may have been ineffective for failing to inquire into the nature of petitioner's cooperation, and for failing to attempt to secure a written or oral cooperation agreement in order to define the scope of that cooperation. *Leonti*, 326 F.3d at 1121 (counsel ineffective for making no attempt to define scope or method of cooperation).  Trial counsel may have also been ineffective, at the most crucial point of the proceedings, for failing to assist petitioner when he met with the federal prosecutor to provide grand jury testimony, and to assist petitioner in dealing with the impediments that resulted in the withdrawal of the plea offer.  Petitioner's allegations, if true, may provide two grounds for habeas relief: absence of counsel at critical stage of the proceedings and ineffective assistance of counsel.

### ORDER

Based upon the foregoing, an evidentiary hearing IS HEREBY ORDERED in this case with respect to petitioner's claim.

S/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: September 26, 2016

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on September 26, 2016, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Assistant

11