**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

NICHOLAS PAUL MASLONKA,

    Petitioner,                        Civil No. 2:13-CV-14110
                                          HONORABLE ARTHUR J. TARNOW
v.                                    UNITED STATES DISTRICT JUDGE

BONITA HOFFNER,

    Respondent.
_____/

**OPINION AND ORDER DENYING THE MOTION FOR RECONSIDERATION**

Nicholas Paul Maslonka, ("Petitioner"), filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, through his attorneys Andrew Wise and Jessica Lefort of the Federal Defender Office, challenging his conviction for armed robbery, M.C.L.A. § 750.529.

On September 26, 2016, this Court ordered an evidentiary hearing on petitioner's claim that he was denied the effective assistance of trial counsel when his attorney failed to appear at critical stages that required petitioner's cooperation, set forth by the prosecution, to fulfill the contingency of an original plea agreement offered by the prosecution.

Respondent filed a motion for reconsideration of the Court's order. For the reasons that follow, the motion for reconsideration is DENIED.

1

U.S. Dist.Ct. Rules, E.D. Mich. 7.1 (h) allows a party to file a motion for reconsideration. A motion for reconsideration should be granted if the movant demonstrates a palpable defect by which the court and the parties have been misled and that a different disposition of the case must result from a correction thereof. *Ward v. Wolfenbarger,* 340 F. Supp. 2d 773, 774 (E.D. Mich. 2004); *Hence v. Smith,* 49 F. Supp. 2d 547, 550-51 (E.D. Mich. 1999 (citing L.R. 7.1(g)(3)). A motion for reconsideration which merely presents "the same issues ruled upon by the Court, either expressly or by reasonable implication," shall be denied. *Ward,* 340 F. Supp. 2d at 774.

Respondent in his motion for reconsideration argues that this Court erred in determining that petitioner had set forth a colorable claim for relief because respondent argues that petitioner unequivocally rejected the original plea agreement and had by his own admission stopped cooperating with the police. Respondent further contends that this Court erred in concluding that the State had waived its procedural default defense by failing to assert it in its original answer. Respondent claims that his failure to raise the procedural default defense earlier should be excused because petitioner did not in his original petition clearly and unequivocally raise a claim that he was denied the assistance of counsel at a critical stage of the proceedings.

Respondent's motion for reconsideration will be denied, because respondent is merely presenting issues which were already ruled upon by this

2

Court, either expressly or by reasonable implication, when the Court concluded that respondent waived its procedural default defense and ordered an evidentiary hearing on petitioner's claim. *See e.g. Hence v. Smith,* 49 F. Supp. 2d at 553. In particular, petitioner raised his claim involving the denial of counsel at a critical stage at several points in his original habeas petition. In their initial answer, respondent acknowledged that petitioner was raising a claim that he was denied the assistance of counsel at the critical stage when he was attempting to cooperate with the Drug Enforcement Agency in order to obtain a plea. *See* Answer, p. 4 [This Court's Dkt. # 20]. Respondent was aware of petitioner's claim when he filed his original answer and not only failed to assert a procedural default defense in that answer, but affirmatively waived a procedural default defense, after listing the claims that are now at issue. Petitioner continued to raise the claims in his reply brief, to which Respondent again failed to raise any claims of procedural default. Respondent failed to show that this Court erred in concluding that he had waived his procedural default defense by failing to raise it in his initial answer and is thus not entitled to reconsideration of the Court's order.

## ORDER

Based upon the foregoing, IT IS ORDERED that the Motion for Reconsideration [Dkt. # 35] is **DENIED.**

                                   S/Arthur J. Tarnow
                                   Arthur J. Tarnow
                                   Senior United States District Judge

Dated: December 16, 2016

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on December 16, 2016, by electronic and/or ordinary mail.

                        S/Catherine A. Pickles
                        Judicial Assistant