**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

NICHOLAS PAUL MASLONKA,

       Petitioner,

                             CASE NO. 2:13-CV-14110
v.                           HONORABLE ARTHUR J. TARNOW

BONITA HOFFNER,

       Respondent.

_____/

## OPINION AND ORDER ON REMAND DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS AND GRANTING PETITIONER A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

      This case is on remand from the United States Court of Appeals for the Sixth Circuit.  Nicholas Paul Maslonka, ("Petitioner"), incarcerated at the Central Michigan Correctional Facility, in St. Louis, Michigan, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, through his attorneys with the Federal Defender Office, challenging his conviction for armed robbery, M.C.L.A. § 750.529.  Petitioner is currently serving a sentence of 15 to 25 years for the armed robbery conviction.  For the reasons that follow, the petition for a writ of habeas corpus is DENIED.

1

## I. Background

This Court granted petitioner a conditional writ of habeas corpus, on the ground that petitioner was denied the effective assistance of trial counsel when his attorney failed to appear at critical stages in the criminal proceedings that required petitioner's cooperation, set forth by the prosecution, to fulfill the contingency of the plea agreement offered by the prosecution. *Maslonka v. Hoffner*, No. 2:13-CV-14110, 2017 WL 2666103 (E.D. Mich. June 21, 2017).

The United States Court of Appeals for the Sixth Circuit reversed this Court's decision. *Maslonka v. Hoffner*, 900 F.3d 269 (6th Cir. 2018), *rehearing en banc den.* September 19, 2018; *cert. denied sub nom. Maslonka v. Nagy*, 139 S. Ct. 2664 (2019). The Sixth Circuit reversed and remanded the case to this Court "to address only Maslonka's remaining ineffective-assistance-of-appellate-counsel claims." *Id.* at 274. At the end of the opinion, the Sixth Circuit again explicitly indicated that they were remanding the case to this Court to solely consider petitioner's ineffective assistance of appellate counsel claims:

> For the foregoing reasons, we REVERSE the judgment of the district court. As the district court noted, however, Maslonka also alleged in his habeas petition that his three appellate attorneys were constitutionally ineffective in a variety of ways. *See, e.g., Maslonka*, 2017 WL 2666103, at *13 n.2. Maslonka's appointed habeas counsel did not discuss these claims in any detail in

Maslonka's supplemental briefing, nor did the district court rule on these claims. *See id.* We therefore REMAND and instruct the district court to consider only Maslonka's ineffective-assistance-of-appellate-counsel claims.

*Maslonka v. Hoffner*, 900 F.3d at 283.

On remand, this Court reopened the case and directed the parties to file supplemental briefs.

In his supplemental brief on remand, petitioner raises the following claims:

I. Maslonka lacked adequate notice of the charges against him.

II. Counsel was ineffective in failing to advise Maslonka of the nature of the charge against him.

III. The wording of the Sixth Circuit's mandate does not preclude this Court's review of Maslonka's yet-unaddressed habeas claims.

## II. Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal

law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

## III. Discussion

Petitioner in his supplemental brief on remand argues that he lacked adequate notice of the charges against him and that trial counsel was ineffective for failing to advise him of the nature of the charges before he pleaded guilty. Petitioner also argues that the Sixth Circuit's remand order does not preclude him from raising these claims on remand nor does the

4

scope of the remand preclude this Court from reviewing petitioner's other unaddressed claims.

Respondent counters that petitioner is not entitled to bring these claims on remand because the Sixth Circuit's remand was explicitly limited to petitioner's ineffective assistance of appellate counsel claims.

"A remand directing a specific, narrow course of action is fairly considered a limited remand." *Hargrave-Thomas v. Yukins*, 450 F. Supp. 2d 711, 721 (E.D. Mich. 2006)(citing *United States v. O'Dell*, 320 F.3d 674, 680–81 (6th Cir. 2003)).  When a limited remand is issued by the appellate court, "[t]he mandate rule 'compels compliance on remand with the dictates of the superior court and forecloses relitigation of issues expressly or impliedly decided by the appellate court.'" *Id.* (quoting *O'Dell,* 320 F.3d at 679 (internal quotation omitted).  "A district court is bound to the scope of the remand issued by the court of appeals." *Id.* (quoting *United States v. Campbell*, 168 F.3d 263, 265 (6th Cir. 1999)).  "The scope of a remand is determined by examining the entire order or opinion, to determine whether and how the court of appeals intended to limit a remand." *Carter v. Mitchell*, 829 F.3d 455, 463 (6th Cir. 2016)(quoting *Scott v. Churchill*, 377 F.3d 565, 570 (6th Cir. 2004)).  The scope of a remand is determined by the plain language of the appellate court's opinion. *See, e.g., United States v. Richardson*, 948 F.3d

733, 739 (6th Cir. 2020).  The Sixth Circuit has made clear that "[u]nder the mandate rule, a district court is bound by the scope of the remand issued by our court." *Black v. Carpenter*, 866 F.3d 734, 741 (6th Cir. 2017). That is, "the district court is without authority to expand its inquiry beyond the matters forming the basis of the appellate court's remand." *United States v. Campbell*, 168 F.3d 263, 265 (6th Cir. 1999).

The Sixth Circuit in their opinion and order remanded the case to this Court "to address only Maslonka's remaining ineffective-assistance-of-appellate-counsel claims." *Id.* at 274.  At the end of the opinion, the Sixth Circuit again explicitly indicated that they were remanding the case to this Court to solely consider petitioner's ineffective assistance of appellate counsel claims:

> For the foregoing reasons, we REVERSE the judgment of the district court. As the district court noted, however, Maslonka also alleged in his habeas petition that his three appellate attorneys were constitutionally ineffective in a variety of ways. *See, e.g., Maslonka*, 2017 WL 2666103, at *13 n.2.  Maslonka's appointed habeas counsel did not discuss these claims in any detail in Maslonka's supplemental briefing, nor did the district court rule on these claims. *See id.* We therefore REMAND and instruct the district court to consider *only* Maslonka's ineffective-assistance-of-appellate-counsel claims.

*Maslonka v. Hoffner*, 900 F.3d at 283 (emphasis added).

Petitioner argues that the scope of the remand should not be read or construed to be limited to review of ineffective assistance of appellate

counsel claims because petitioner's original and amended petitions contained numerous other claims. Petitioner even goes so far as arguing that the Sixth Circuit did not intend to limit the scope of their remand to ineffective assistance of appellate counsel claims, in light of the inclusion of so many additional claims in the original and supplemental petitions.

The Court is somewhat sympathetic to petitioner's position. This Court was aware from the beginning of the case that petitioner had a number of claims that he had filed. This Court, at the outset of the opinion granting relief, stated:

> Petitioner raises a number of claims alleging the ineffective assistance of trial counsel, and subsequent ineffective assistance of appellate counsel, in addition to challenges pertaining to the voluntariness of his plea.

*Maslonka v. Hoffner*, 2017 WL 2666103, at *1.

The Sixth Circuit's referenced a comment made by this Court in the following footnote in their apparent belief that the only remaining claims to be adjudicated were ineffective assistance of appellate counsel claims:

> Petitioner also alleges that his three different appellate attorneys were ineffective for failing to raise this claim on his direct appeal. In light of the fact that this Court is granting petitioner habeas relief on his assistance of trial counsel claim, petitioner's ineffective assistance of appellate counsel claim is now moot. *Couch v. Booker*, 650 F. Supp. 2d 683, 696 (E.D. Mich. 2009), *aff'd*, 632 F.3d 241 (6th Cir. 2011).

*Maslonka v. Hoffner*, 2017 WL 2666103, at *13, n. 2.

The Sixth Circuit appeared to take this Court's comment out of context. This Court was not suggesting that petitioner's only remaining claim was an ineffective assistance of appellate counsel claim. Instead, this Court was merely ruling, as it previously had in the *Couch* case, that since petitioner was being granted habeas relief on his ineffective assistance of trial counsel claim, there was no need to grant relief on his related ineffective assistance of appellate counsel claim.

Further buttressing petitioner's argument is his reference to the Supreme Court case of *Corcoran v. Levenhagen*, 558 U.S. 1, 2 (2009), where the Supreme Court held that after reversing a district court's grant of federal habeas relief on one of the five grounds raised by the state prisoner in support of his habeas petition, the Seventh Circuit Court of Appeals should have either remanded the case to the district court for consideration of the four grounds that the district court had declined to address or explained why consideration of these undecided claims was unnecessary; without some such explanation, the Court of Appeals' remand "with instructions to deny the writ" was improper. *Id.*

As with the Seventh Circuit in *Corcoran,* the Sixth Circuit never explicitly explained why it was limiting the remand to the ineffective

assistance of appellate counsel claims, in light of the fact that this Court at the beginning of its opinion had referenced the numerous other claims that petitioner raised in his initial petition.  On the other hand, the current case might be distinguishable from *Corcoran* because the Sixth Circuit did not simply issue a blanket remand to deny the writ.

This Court is nonetheless constrained by the explicit and plain language in the Sixth Circuit's opinion limiting this Court to reviewing only petitioner's ineffective assistance of appellate counsel claims on remand. The Court further notes that petitioner's counsel filed a petition for rehearing *en banc* before the Sixth Circuit and made the same arguments made before this Court, namely, that the scope of the Sixth Circuit's remand was too narrow. *See* Petition for Rehearing *En Banc*, pp. 20-21. *See* No. 17-1834 (6th Cir.)(ECF No. 46, PageID.20-21).  The Sixth Circuit denied rehearing *en banc*.  Petitioner in his petition for a writ of certiorari before the United States Supreme Court made the same argument. Petition for Writ of Certiorari, pp. 7-8, Case No. 18-7208 (U.S.).  The United States Supreme Court denied petitioner's writ of certiorari.

Under the law of the case doctrine, a court is ordinarily precluded from re-examining an issue previously decided by the same court, or by a higher court in the same case. *Consolidation Coal Co. v. McMahon*, 77 F.3d 898,

905 (6th Cir. 1996).  The law of the case doctrine has been applied to habeas cases in various contexts. *See Crick v. Smith*, 729 F.2d 1038, 1039 (6th Cir. 1984).  "Under the doctrine of law of the case, findings made at one point of the litigation become the law of the case for subsequent stages of that same litigation." *United States v. Moored*, 38 F.3d 1419, 1421 (6th Cir. 1994).  The law of the case doctrine "generally bars the district court from reconsidering those issues that the court of appeals has already explicitly or impliedly resolved." *Keith v. Bobby*, 618 F.3d 594, 599 (6th Cir. 2010); *see also In re Kenneth Allen Knight Trust*, 303 F.3d 671, 676 (6th Cir. 2002)("Issues decided at an early stage of the litigation, either explicitly or by necessary inference from the disposition, constitute the law of the case.")(internal quotation marks and citations omitted).

The Sixth Circuit and the United States Supreme Court have rejected petitioner's argument that the original Sixth Circuit panel's remand should not be limited to only petitioner's ineffective assistance of appellate counsel claims.  This Court is constrained by that ruling and is thus limited to review only petitioner's ineffective assistance of appellate counsel claims.

A defendant must satisfy a two prong test to show that he was denied the effective assistance of counsel.  First, the defendant must demonstrate that counsel's performance was so deficient that the attorney did not function

as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  In so doing, the defendant must overcome a strong presumption that counsel's behavior lies within the wide range of reasonable professional assistance. *Id*.  The defendant must overcome the presumption that, under the circumstances, the challenged action might be sound trial strategy. *Strickland,* 466 U.S. at 689.  Secondly, the defendant must show that such performance prejudiced his defense. *Id*.  A defendant demonstrates prejudice by showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694.  The burden is on the defendant who raises a claim of ineffective assistance of counsel, and not on the state, to show a reasonable probability that the result of the proceeding would have been different, but for counsel's allegedly deficient performance. *See Wong v. Belmontes*, 558 U.S. 15, 27 (2009).  The *Strickland* standard applies as well to claims of ineffective assistance of appellate counsel. See *Whiting v. Burt,* 395 F.3d 602, 617 (6th Cir. 2005).

The Sixth Amendment guarantees a defendant the right to effective assistance of counsel on the first appeal by right. *Evitts v. Lucey*, 469 U.S. 387, 396-397 (1985).  However, court appointed counsel does not have a constitutional duty to raise every non-frivolous issue requested by a

defendant. *Jones v. Barnes*, 463 U.S. 745, 751 (1983).  A habeas court must defer twice: first to appellate counsel's decision not to raise an issue and secondly, to the state court's determination that appellate counsel was not ineffective. *Woods v. Etherton*, 136 S. Ct. 1149, 1153 (2016)(*per curiam*) ("Given AEDPA, both Etherton's appellate counsel and the state habeas court were to be afforded the benefit of the doubt.").

Petitioner's appellate counsel claims are based on the failure to file his direct appeal and failure to raise his claim that he had constructively been denied the assistance of trial counsel, an ineffective assistance of trial counsel claim, and the issue that he is entitled to enforcement of the plea agreement that was based on his cooperation with law enforcement.  *See* ECF No. 1, PageID.7-17.

This Court believed that petitioner had established not only that trial counsel was ineffective, but that petitioner had constructively been denied the assistance of trial counsel, particularly after conducting an evidentiary hearing and reviewing the trial court record.  This Court believes that its decision was correct.  The Sixth Circuit, however, held that petitioner was not denied the effective assistance of trial counsel.  In light of the fact that the Sixth Circuit concluded that petitioner's underlying trial counsel claim was without merit, appellate counsel was not ineffective in failing to raise the

ineffective assistance of trial counsel claim on petitioner's direct appeal. *See e.g. Fautenberry v. Mitchell*, 515 F.3d 614, 642 (6th Cir. 2008).  "[A]ppellate counsel cannot be found to be ineffective for 'failure to raise an issue that lacks merit.'" *Shaneberger v. Jones*, 615 F.3d 448, 452 (6th Cir. 2010)(quoting *Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001)).  In light of the Sixth Circuit's rejection of petitioner's ineffective assistance of trial counsel claim, this Court is constrained to deny petitioner's ineffective assistance of appellate counsel claim on remand.

Petitioner alleges that Appellate Counsel #1, Kathryn Simmons, was constitutionally deficient by failing to comply with his requests to pursue various appellate issues, including his constructive denial of counsel claim, the claim that trial counsel was absent during critical stages of the proceedings, ECF No. 22-1, PageID.1743-1744, in addition to the failure to file a Notice of Appeal as requested by petitioner, *Id*. at 1744.  Simmons believed that Maslonka did not have any appellate issues.  Petitioner filed a motion for substitute appellate counsel.

On June 23, 2010, the trial court appointed Appellate Counsel #2, Donald Cook, to represent petitioner.  Cook filed a motion for resentencing with the trial court, 15 months after petitioner's sentence, which the trial court found untimely.  As a result, the motion was construed as a motion for relief

13

from judgment.  Petitioner alleges that Donald Cook was ineffective by failing to file certain issues and by filing a motion in the trial court that was construed as a motion for relief from judgment, rather than filing his direct appeal. ECF No. 22-1, PageID.1736.  Following the court's Opinion on the motion for relief from judgment, petitioner requested to have Cook removed and alleged that Cook was ineffective by: failing to file an application for leave to appeal, failing to investigate the posture of the case, and abandonment of petitioner following the Court's order on the motion for relief from judgment. *Id*., PageID.1754.

Following the removal of Cook, the trial court appointed Gerald Ferry as petitioner's third appellate counsel.  Petitioner instructed Ferry to raise only issues pertaining to the ineffective assistance of appellate counsels Simmons and Cook, and to ask for reinstatement of his direct appeal. PageID.1774-1776.

Ferry found that the only issue of concern to petitioner, in connection with his original conviction and sentence, was that he did not get the benefit of the bargain or specific performance of the plea, the same issue raised by Cook in petitioner's post-conviction motion.  Ferry then filed two applications for leave to appeal, one pertaining to the ruling on the motion for relief from

judgment and one in connection to the loss of petitioner's direct application for leave to appeal.

The Michigan Court of Appeals granted leave to appeal, but denied petitioner's application for leave on the merits. *see* ECF No. 22-4, PageID.1833. Significantly, the Michigan Court of Appeals did not reject the application for being untimely, nor did the Michigan Court of Appeals use language treating the application as a post-conviction appeal, but clearly treated the application as part of the direct appeal process.

Petitioner's claim that his first two appellate attorneys failed to file a timely application for leave to appeal his conviction is moot because the Michigan Court of Appeals reviewed petitioner's case under the standard applicable for direct appeals. Petitioner is thus unable to establish that he was prejudiced because of his initial inability to file a timely appeal, in light of the fact that the Michigan Court of Appeals treated the application for leave to appeal as a direct appeal. *See e.g. United States v. Skelton*, 68 F. App'x 605, 607 (6th Cir. 2003)(defendant was not prejudiced by defense counsel's failure to file timely notice of appeal, barring ineffective assistance of counsel claim on that basis, where defendant was granted an extension of time in which to file his notice of appeal); *United States v. Herrera-Rivera*, 25 F.3d 491, 497 (7th Cir. 1994)(defendant suffered no prejudice from counsel's

failure to file timely notice of appeal when district court permitted out-of-time appeal); *Jones v. Carroll*, 388 F. Supp. 2d 413, 421 (D. Del. 2005)(State appellate court did not act contrary to or unreasonably apply clearly established federal law in determining that habeas petitioner was not prejudiced by counsel's failure to timely file direct appeal, as required element of ineffective assistance claim, where state trial court reinstated petitioner's sentence so that he might perfect a timely appeal).  "Since no other Supreme Court precedent has expanded the *Evitts* rule to require a forum for ineffective assistance of appellate counsel claims when the appellant's case was actually heard and decided," as was the case here, petitioner is not entitled to habeas relief on this portion of his ineffective assistance of appellate counsel claim. *Wilson v. Parker*, 515 F.3d 682, 708 (6th Cir. 2008), *as amended on denial of reh'g and reh'g en banc* (Feb. 25, 2009).

Finally, to the extent that petitioner alleges that appellate counsel was ineffective for failing to raise the other underlying claims on his direct appeal that petitioner raises in his petition, this Court is constrained in addressing the merits of those claims because the Sixth Circuit's remand order does not permit this Court to review the merits of petitioner's other underlying claims. Without being able to review the merits of these underlying claims, the Court

is unable to determine whether appellate counsel should have raised these claims on direct review.

Moreover, this Court notes that appointed counsel does not have a constitutional duty to raise every non-frivolous issue requested by a defendant. *Jones v. Barnes*, 463 U.S. at 751.  A habeas court must defer twice: first to appellate counsel's decision not to raise an issue and secondly, to the state court's determination that appellate counsel was not ineffective. *Woods v. Etherton*, 136 S. Ct. at 1153.

Strategic and tactical choices regarding which issues to pursue on appeal are "properly left to the sound professional judgment of counsel." *United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990).  In fact, "the hallmark of effective appellate advocacy" is the "process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail." *Smith v. Murray*, 477 U.S. 527, 536 (1986)(quoting *Barnes*, 463 U.S. at 751-52).

Appellate counsel raised a meritorious claim on petitioner's direct appeal.  Counsel made a strategic decision to raise the claim that he did on direct appeal.  The Sixth Circuit has instructed this court to review only petitioner's ineffective assistance of appellate claims.  Petitioner is not entitled to habeas relief on his ineffective assistance of appellate counsel claims.

17

## IV. Conclusion

The Court will deny the petition for a writ of habeas corpus.

In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. Likewise, when a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final

18

order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a),

28 U.S.C. foll. § 2254.

This Court will grant petitioner a certificate of appealability on the following ground: whether the Sixth Circuit's remand order was correctly limited in scope to this Court reviewing only the ineffective assistance of appellate counsel claims on remand.  In light of the clear language from this Court's initial opinion granting relief, the Sixth Circuit was made aware of the numerous claims that petitioner originally raised.  The Sixth Circuit chose to limit the scope of remand to only the ineffective assistance of appellate counsel claims without giving an adequate explanation why the Court should not consider any of petitioner's remaining claims on remand.  In light of the Supreme Court's decision in *Corcoran, supra,* jurists of reason could find this Court's decision to limit its review on remand to only the ineffective assistance of appellate counsel claims to be debatable.

Petitioner is also granted leave to proceed on appeal *in forma pauperis*, as any appeal would not be frivolous.  A court may grant *in forma pauperis status* if the court finds that an appeal is being taken in good faith. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App.24 (a); *Foster v. Ludwick*, 208 F. Supp. 2d 750, 765 (E.D. Mich. 2002).   Because this Court granted a certificate of appealability, any appeal would be undertaken in good faith;

19

petitioner is granted leave to appeal *in forma pauperis*. *See Brown v. United States,* 187 F. Supp. 2d 887, 893 (E.D. Mich. 2002).

## V.  ORDER

**IT IS ORDERED** that:

(1) the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE**.

(2) **IT IS FURTHER ORDERED** That a certificate of appealability is **GRANTED.**

(3) Petitioner will be **GRANTED** leave to appeal *in forma pauperis*.

Dated: September 14, 2021

 s/Arthur J. Tarnow
ARTHUR J. TARNOW
UNITED STATES DISTRICT JUDGE