UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NICHOLAS PAUL MASLONKA,

    Petitioner,

v.

    CASE NO. 2:13-CV-14110
    HONORABLE NANCY G. EDMUNDS

BONITA HOFFNER,

    Respondent.

_____/

## OPINION AND ORDER ON REMAND DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS AND DENYING A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL *IN FORMA PAUPERIS*

This case is on remand from the United States Court of Appeals for the Sixth Circuit. Nicholas Paul Maslonka, ("Petitioner"), incarcerated at the Bellamy Creek Correctional Facility, in Ionia, Michigan, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, both *pro se* and through his attorneys with the Federal Defender Office, challenging his conviction for armed robbery, M.C.L.A. § 750.529. Petitioner is currently serving a sentence of 15 to 25 years for the armed robbery conviction. For the reasons that follow, the petition for a writ of habeas corpus is DENIED.

### I. Background

This Court will adopt and incorporate into its opinion the state procedural history of petitioner's case that was recited by this Court's predecessor, Judge Arthur J. Tarnow, in his opinion and order granting habeas relief. *Maslonka v.*

1

*Hoffner*, No. 2:13-CV-14110, 2017 WL 2666103, at *1-3 (E.D. Mich. June 21, 2017). Judge Arthur J. Tarnow granted petitioner a conditional writ of habeas corpus, on the ground that petitioner was denied the effective assistance of trial counsel when his attorney failed to appear at critical stages in the criminal proceedings that required petitioner's cooperation, to fulfill the contingency of the plea agreement offered by the prosecution. *Id.*

The United States Court of Appeals for the Sixth Circuit reversed the decision. *Maslonka v. Hoffner*, 900 F.3d 269 (6th Cir. 2018), *rehearing en banc den.* September 19, 2018; *cert. denied sub nom. Maslonka v. Nagy*, 139 S. Ct. 2664 (2019). The Sixth Circuit reversed and remanded the case to this Court "to address only Maslonka's remaining ineffective-assistance-of-appellate-counsel claims." *Id.* at 274. At the end of the opinion, the Sixth Circuit again explicitly indicated that they were remanding the case to this Court to solely consider petitioner's ineffective assistance of appellate counsel claims. *Maslonka v. Hoffner*, 900 F.3d at 283.

On remand, Judge Tarnow reopened the case and directed the parties to file supplemental briefs.

In his supplemental brief on remand, petitioner raised the following claims:

I. Maslonka lacked adequate notice of the charges against him.

II. Counsel was ineffective in failing to advise Maslonka of the nature of the charge against him.

III. The wording of the Sixth Circuit's mandate does not preclude this Court's review of Maslonka's yet-unaddressed habeas claims.

Judge Tarnow declined to review petitioner's first two claims because the Sixth Circuit limited their remand to consideration of only petitioner's ineffective assistance of appellate counsel claims. *Maslonka v. Hoffner*, No. 2:13-CV-14110, 2021 WL 4169806, at *4 (E.D. Mich. Sept. 14, 2021). Judge Tarnow further concluded that petitioner's ineffective assistance of appellate counsel claim which related to his constructive denial of counsel claim was meritless. Judge Tarnow further ruled that petitioner's claim that appellate counsel was ineffective for failing to file a timely appeal was moot because the Michigan Court of Appeals allowed substitute appellate counsel to file an out-of-time appeal. Judge Tarnow declined to review any ineffective assistance of appellate counsel claims involving appellate counsel's failure to raise petitioner's other underlying claims on his direct appeal that petitioner raised in his petition, because the scope of the remand did not permit him to do so. *Id.* at 6-7.

The Sixth Circuit on appeal agreed that the earlier remand order should not have been limited to only the ineffective assistance of appellate counsel claims and remanded the matter back to this Court to review petitioner's unadjudicated claims. *Maslonka v. Hoffner*, No. 21-2929, 2023 WL 1463354 (6th Cir. Feb. 2, 2023).

The case has been reopened to the Court's active docket.

As the Sixth Circuit indicated in its remand order:

Maslonka raised several claims in his pro se petition, which spanned over 1,000 pages. The district court broadly categorized the claims as ineffective assistance of trial counsel, ineffective assistance of

3

appellate counsel, and "challenges pertaining to the voluntariness of his plea."

*Maslonka v. Hoffner*, 2023 WL 1463354, at *1.

Petitioner also raises in his supplemental brief on remand the claims mentioned above, which relate to the claims raised by petitioner in his pro se pleadings.

## II. Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when

"a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

### III. Discussion

Petitioner in his various pleadings challenges the voluntariness of his plea. Petitioner also alleges that trial and appellate counsel were ineffective.

### A.     The involuntary plea claims.

Petitioner claims that his guilty plea was made involuntarily.

Initially, the Court observes that petitioner has no federal constitutional right to withdraw his guilty plea. *See Hynes v. Birkett,* 526 F. App'x 515, 521 (6th Cir. 2013). Unless a petitioner's guilty plea otherwise violated a clearly established constitutional right, whether to allow the withdrawal of a habeas petitioner's plea is discretionary with the state trial court. *See Shanks v. Wolfenbarger,* 387 F. Supp. 2d 740, 748 (E.D. Mich. 2005).

A guilty plea that is entered in state court must be voluntarily and intelligently made. *See Shanks,* 387 F. Supp. 2d at 749; *Doyle v. Scutt,* 347 F. Supp. 2d 474, 482 (E.D. Mich. 2004)(both citing *Boykin v. Alabama,* 395 U.S. 238, 242 (1969)). In order for a plea of guilty to be voluntarily and intelligently made, the defendant must be aware of the "relevant circumstances and likely consequences" of his plea. *Hart v. Marion Correctional Institution*, 927 F.2d 256, 257 (6th Cir. 1991). The

defendant must also be aware of the maximum sentence that can be imposed for the crime for which he is pleading guilty. *King v. Dutton*, 17 F.3d 151, 154 (6th Cir. 1994). When a petitioner brings a federal habeas petition challenging his plea of guilty, the state generally satisfies its burden by producing a transcript of the state court proceedings showing that the plea was made voluntarily. *Garcia v. Johnson*, 991 F.2d 324, 326 (6th Cir. 1993). The factual findings of a state court that the guilty plea was properly made are generally accorded a presumption of correctness. The petitioner must overcome a heavy burden if the federal court is to overturn these findings by the state court. *Id.*

It is only when the consensual character of a guilty plea is called into question that the validity of a guilty plea may be impaired. *Mabry v. Johnson*, 467 U.S. 504, 508-09 (1984). A plea of guilty entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his own counsel, must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (i.e. bribes). *Id.* Federal and state courts will uphold a state court guilty plea if the circumstances demonstrate that the defendant understood the nature and consequences of the charges and voluntarily chose to plead guilty. *See Thirkield v. Pitcher,* 199 F. Supp. 2d 637, 652 (E.D. Mich. 2002).

The evidence establishes that petitioner freely and voluntarily pleaded guilty. Petitioner was advised of the maximum penalty for the armed robbery charge and being a third habitual offender and the rights that he would be waiving by pleading guilty. Petitioner was advised of the terms of the plea agreement and acknowledged that this was the complete terms of the agreement. In response to the trial court's questions, petitioner denied that any threats or additional promises had been made to get him to plead guilty. (ECF No. 21-6, PageID.1472-74). Under the circumstances, the transcript and colloquy clearly establish that petitioner's plea was knowingly and intelligently made. *Shanks*, 387 F. Supp. 2d at 749.

Petitioner claims that his plea was involuntary because he was originally promised that his minimum sentence would be within the sentencing guidelines range of 81-135 months (6 years, 9 months to 11 years, 3 months), and that the habitual offender charge would be dismissed in its entirety. This, however, was the proposed offer if petitioner cooperated with the authorities. *Maslonka v. Hoffner*, 2017 WL 2666103, at *2. On the day of trial, the prosecutor rescinded the plea offer based on petitioner's lack of cooperation with the authorities and offered petitioner a less favorable plea offer two hours before the commencement of petitioner's trial. *Id.* at *3. The offer was that petitioner would plead guilty to armed robbery and being a third felony habitual offender, in exchange for dismissal of the fourth habitual offender charge. The parties estimated the sentencing guidelines on the minimum sentence to be 108-270 months, but this was just an estimate. There was no sentencing agreement. (ECF No. 21-6, PageID.1472-73). Petitioner

7

acknowledged that these were the complete terms of the plea agreement and denied that he had been promised anything else that had not been made part of the record, including any specific sentence. (*Id.*, PageID.1473-74).

An unfulfilled state promise obtained in return for a guilty plea will entitle a habeas petitioner to habeas relief. *Myers v. Straub,* 159 F. Supp. 2d 621, 627 (E.D. Mich. 2001). However, a federal court sitting in habeas review should not "lightly find misrepresentation in a plea agreement." *Id.*

Absent extraordinary circumstances, or some other explanation as to why a defendant did not reveal other terms when specifically asked to do so by the trial court, a plea agreement consists of the terms revealed in open court, where the trial court scrupulously follows the required procedure for taking the defendant's plea. *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986). A plea bargain is contractual in nature, thus, it would violate established contract-law standards to permit a defendant to attempt to prove that a plea agreement is otherwise than it unambiguously appears on a thorough record. *Id.* Plea agreements are to be strictly construed. *See United States v. Brummett,* 786 F.2d 720, 723 (6th Cir. 1986). A term of a plea agreement "that is unambiguous on its face and agreed to by the defendant in open court will be enforced." *McAdoo v. Elo,* 365 F.3d 487, 497 (6th Cir. 2004). Moreover, "[T]he United States Constitution does not require judges to explain the meaning of ...unambiguous terms during the plea colloquy in order to combat alleged misinformation that is not revealed on the record." *Id.*

In the present case, the prosecutor placed the terms of the plea agreement on the record. Petitioner indicated on the record that this was the entire plea agreement and that no other promises had been made to induce his plea. A "clear reading" of the plea agreement shows that there was no promise by the prosecutor or the trial judge that petitioner would be sentenced within a guidelines range of 81-135 months or that the habitual offender charges would be dropped in their entirety. Petitioner has therefore failed to show that the original terms of the plea agreement were breached by the prosecutor or the trial judge. *Myers,* 159 F. Supp. 2d at 628. Petitioner is unable to show that the trial court breached the plea agreement or that petitioner had any reasonable belief that he would be sentenced within the sentencing guidelines range of 81-135 months. *See Wright v. Lafler,* 247 F. App'x 701, 705-07 (6th Cir. 2007). Finally, although petitioner claims that he understood the plea agreement to guarantee him a sentence within the guidelines range of 81-135 months, habeas relief should not be granted by crediting a petitioner's subjective version of his understanding of the plea bargain. *See Nichols v. Perini*, 818 F.2d 554, 558-59 (6th Cir. 1987); *see also Doughty v. Grayson,* 397 F. Supp. 2d 867, 881-82 (E.D. Mich. 2005).

Assuming that there was a breach of the terms of the agreement, this Court is unable to enforce any such agreement. Although a state prosecutor's breach of a plea bargain is a claim cognizable in a habeas proceeding, a federal court lacks the supervising authority over the state courts to specify the remedy for such violation. *See McPherson v. Barksdale*, 640 F.2d 780, 781 (6th Cir. 1981).

9

The appropriate remedy for the government's breach of a plea agreement is either specific performance of the agreement or an opportunity to withdraw the plea. *See Santobello v. New York*, 404 U.S. 257, 263 (1971). However, the appropriate remedy for the breach of a plea agreement lies within the trial court's discretion, *see Santobello*, 404 U.S. at 263; *see also Peavy v. United States*, 31 F.3d 1341, 1346 (6th Cir. 1994)(the choice between the two remedies of specific performance or plea withdrawal is not up to the defendant but, rests instead with "the sound discretion" of the trial court.). Finally, the federal constitution does not require specific performance of a plea agreement. *See Mabry v. Johnson*, 467 U.S. 504, 510, n. 11 (1984); see also *Kernan v. Cuero*, 138 S. Ct. 4, 8-9 (2017)(no clearly established Supreme Court law requires specific performance as a remedy for the breach of a plea agreement; prior Supreme Court opinions determined that the ultimate relief to which petitioner was entitled for breach of plea agreement was left to the discretion of the state court and expressly declined to hold that the constitution compelled specific performance of a broken prosecutorial promise as the sole remedy).

Petitioner states that "he is entitled to return to the pre plea stage and proceed under the March 19, 2009 plea offer." ECF No. 4, PageID.196  He is requesting specific performance of the plea agreement. He wishes to have the original proposed plea agreement, which was rescinded, enforced. ECF No.4, PageID.174, 181, 184-186, 194. ECF No.5, PageID.221-222, 227, 233, 235. Because "*[S]antobello* provides no basis for granting specific performance of such

10

an alleged plea bargain in a federal forum[,]" *McPherson,* 640 F.2d at 782, petitioner is not entitled to habeas relief on this claim.

Petitioner also claims that his plea is involuntary because he was not advised of the elements of the offense of armed robbery.

It is true that where a defendant pleads guilty to a crime without having been informed of the crime's elements, the voluntary, knowing, and intelligent standard for a guilty plea is not met and the plea is invalid. *See Bradshaw v. Stumpf,* 545 U.S. 175, 183 (2005). However, a defendant is presumed to have been informed adequately by his defense counsel of the criminal charge to which he is pleading guilty, even when the trial court record is devoid of an explanation of the charge by the judge or of a representation by defense counsel that the nature or the elements of the charge have been explained to the defendant. *See Berry v. Mintzes,* 726 F.2d 1142, 1147 (6th Cir. 1984). "The presumption is particularly appropriate where, as here, trial counsel was an experienced criminal lawyer." *Id.* Petitioner has presented no evidence to overcome the presumption that his attorney adequately explained the charges to him. Petitioner made out an adequate factual basis for the armed robbery charge. Petitioner told the judge that he went into the bank, handed a letter to the teller in which he wrote that he had a gun and needed money, at which point the teller gave him money. (ECF No. 21-6, PageID.1474). This was sufficient to make out the elements of the offense of armed robbery. Petitioner clearly was aware of the elements of the charge.

Petitioner also claims that his plea is invalid because he is innocent of the armed robbery charge, first, because he did not actually have a gun, and secondly, because the robbery was only an attempt because he did not actually put the teller in fear of being assaulted. (ECF No. 24, PageID.2043-47).

Bald assertions of innocence are insufficient to permit a defendant to withdraw his guilty plea. *United States v. Jones*, 336 F.3d 245, 252 (3rd Cir. 2003). "Assertions of innocence must be buttressed by facts in the record that support a claimed defense." *Id.* (internal quotation omitted). The mere assertion of innocence, absent a substantial supporting record, is insufficient to overturn a guilty or no-contest plea, even on direct appeal. *See Everard v. United States*, 102 F.3d 763, 766 (6th Cir. 1996). Petitioner's mere recantation of his guilty plea, without any support, would therefore be insufficient to have his plea overturned. *Id.* For a plea withdrawal motion to be successful, a defendant must set forth a legally cognizable defense to the charges against him, which requires more than a general denial to put the government to its proofs; rather, a defendant must affirmatively advance an objectively reasonable argument that he is innocent. *United States v. Weaver*, 112 F. Supp. 2d 1, 7-8 (D.D.C. 2000)(internal citations omitted).

In 2004, the Michigan Legislature amended the armed robbery statute to state that a person is guilty of that offense when he commits robbery and either "possesses a dangerous weapon or an article used or fashioned in a manner to lead any person present to reasonably believe the article is a dangerous weapon,

12

or ... represents orally or otherwise that he is in possession of a dangerous weapon." *People v. Barry*, No. 259435, 2006 WL 1709923, at *2, n. 2 (Mich. Ct. App. June 22, 2006)(quoting M.C.L.A. § 750.529). Petitioner's representation in his letter that he was armed with a weapon was sufficient to render him guilty of armed robbery. *See People v. Williams*, No. 285025, 2009 WL 2952566, at *1 (Mich. Ct. App. Sept. 15, 2009).

Petitioner also claims he is innocent of the armed robbery, because he did not actually put the teller in fear and that at most, he was guilty only of an attempt crime. But, under Michigan law, the attempted robbery was sufficient to complete the crime of armed robbery. *See People v. Williams*, 491 Mich. 164, 182–83, 814 N.W.2d 270, 280 (2012). Petitioner is not entitled to relief on his involuntary plea claims.

**B.     The ineffective assistance of trial counsel claims.**

Petitioner alleges he was denied the effective assistance of trial counsel.

As an initial matter, petitioner alleges that trial counsel was ineffective for waiving his preliminary examination and for failing to investigate any witnesses or defenses.

An unconditional guilty plea constitutes a waiver of all pre-plea non-jurisdictional constitutional deprivations. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Pre-plea claims of ineffective assistance of trial counsel are considered non-jurisdictional defects that are waived by a guilty plea. *See Hawkins v. Rivard*, No. 16-1406, 2016 WL 6775952, at *5 (6th Cir. Nov. 10, 2016); *United States v.*

13

*Stiger,* 20 F. App'x 307, 309 (6th Cir. 2001); *Siebert v. Jackson,* 205 F. Supp. 2d 727, 733-34 (E.D. Mich. 2002). Petitioner's pre-plea ineffective assistance of counsel claims have been waived by his guilty plea.

Petitioner also claims that trial counsel was ineffective for advising him to plead guilty. To prevail on his ineffective assistance of counsel claims, petitioner must show that the state court's conclusion regarding these claims was contrary to, or an unreasonable application of, *Strickland v. Washington*, 466 U.S. 668 (1984). *See Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009). *Strickland* established a two-prong test for claims of ineffective assistance of counsel: the petitioner must show (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense. *Strickland,* 466 U.S. at 687.

In order to satisfy the prejudice requirement for an ineffective assistance of counsel claim in the context of a guilty plea, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty, but would have insisted on going to trial. *Premo v. Moore,* 562 U.S. 115, 129 (2011)(citing *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985)). An assessment of whether a defendant would have gone to trial but for counsel's errors "will depend largely on whether the affirmative defense likely would have succeeded at trial." *Hill,* 474 U.S. at 59. The Sixth Circuit has interpreted *Hill* to require a federal habeas court to always analyze the substance of the habeas petitioner's underlying claim or defense to determine whether but for counsel's error, petitioner would likely have gone to trial instead of pleading guilty or no-contest. *See Maples*

14

*v. Stegall,* 340 F.3d 433, 440 (6th Cir. 2003). The petitioner must therefore show a reasonable probability that but for counsel's errors, he would not have pleaded guilty, because there would have been a reasonable chance that he would have been acquitted had he insisted on going to trial. *See Garrison v. Elo,* 156 F. Supp. 2d 815, 829 (E.D. Mich. 2001). The test of whether a defendant would have not pleaded guilty if he had received different advice from counsel "is objective, not subjective; and thus, 'to obtain relief on this type of claim, a petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances.'" *Pilla v. U.S.*, 668 F.3d 368, 373 (6th Cir. 2012)(quoting *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010)).

Petitioner is not entitled to habeas relief on his ineffective assistance of counsel claim, because he failed to show a reasonable probability that he could have prevailed had he insisted on going to trial, or that he would have received a lesser sentence than he did by pleading guilty. *See Shanks v. Wolfenbarger,* 387 F. Supp. 2d at 750. Other than his self-serving statement, petitioner has offered no evidence to this Court that he has a meritorious defense to the charges. As mentioned above, petitioner's conduct came within the parameters of Michigan's armed robbery statute. Petitioner is not entitled to relief on his ineffective assistance of trial counsel claims.

**C. The ineffective assistance of appellate counsel claims.**

Petitioner alleges that appellate counsel was ineffective for failing the bring the above claims on his direct appeal.

The Sixth Amendment guarantees a defendant the right to the effective assistance of appellate counsel both on appeals of right, *see Evitts v. Lucey*, 469 U.S. 387, 396-397 (1985), and on first-tier discretionary appeals. *Halbert v. Michigan*, 545 U.S. 605, 609–10 (2005). Nonetheless, court appointed counsel does not have a constitutional duty to raise every non-frivolous issue requested by a defendant. *Jones v. Barnes*, 463 U.S. 745, 751 (1983). A habeas court reviewing an ineffective assistance of appellate counsel claim must defer twice: first to appellate counsel's decision not to raise an issue and secondly, to the state court's determination that appellate counsel was not ineffective. *Woods v. Etherton*, 578 U.S. 113, 119 (2016)(per curiam).

Petitioner's claims are meritless. "[A]ppellate counsel cannot be found to be ineffective for 'failure to raise an issue that lacks merit.'" *Shaneberger v. Jones*, 615 F.3d 448, 452 (6th Cir. 2010)(quoting *Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001)). Petitioner is not entitled to relief on his ineffective assistance of appellate counsel claim.

## IV. Conclusion

The habeas petition is denied with prejudice. The Court denies a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were

adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. *See Allen v. Stovall*, 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001). The Court will also deny petitioner leave to appeal *in forma pauperis*, because the appeal would be frivolous. *Id.*

### V. Order

IT IS ORDERED that:

(1) The petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.**

(2) A certificate of appealability is **DENIED.**

(3) Petitioner is **DENIED** leave to appeal *in forma pauperis.*

                               s/ Nancy G. Edmunds
                               NANCY G. EDMUNDS
                               UNITED STATES DISTRICT COURT JUDGE

Dated: March 14, 2023